980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Appellant,
v.
Noel G. CERVANTES; Arnel J. Cervantes, Defendants-Appellees.
 No. 91-35950.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1992.
Submission Deferred Sept. 1, 1992.
Resubmitted Dec. 8, 1992.
Decided Dec. 10, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Noel and Arnel Cervantes purchased a condominium on May 22, 1985. The purchase was financed by a mortgage loan and was subsequently assigned by the originating lender to the Alaska Housing Finance Corporation (AHFC) and by it to the Federal National Mortgage AssociationMA. GMAC Mortgage Corporation (GMAC) acts as servicing agent on the mortgage. Because of a downturn in the Alaskan economy, the fair market value of the condominium fell to $33,000, far less than the $76,000 still outstanding on the debt.
 
 
 3
 The debtors filed their Chapter 13 petition on September 6, 1989. Their Chapter 13 plan valued the condominium at the undisputed fair market value of $33,000. The remainder of the debt, $43,000, was characterized as unsecured debt, modifiable under 11 U.S.C. § 1322(b)(2). GMAC objected to confirmation of the plan in part because it contested the transformation of the latter portion of its claim as unsecured. The bankruptcy court confirmed the debtors' plan and the district court affirmed the modification of GMAC's rights in the unsecured portion of the claim. GMAC concedes that our decision in Hougland v. Lomas & Nettleton Co. (In re Hougland), 886 F.2d 1182 (9th Cir.1989), controls. It argues, however, that this court should reverse our previous ruling. We decline to do so and now affirm.
 
 
 4
 * We recently reaffirmed our Hougland decision in Lomas Mortgage USA v. Wiese, Nos. 91-36082 91-36173, slip op. 14069 (9th Cir. Dec. 4, 1992). In Hougland, this court held that section 1322(b)(2) of the Bankruptcy Code permitted a Chapter 13 debtor to modify a residential mortgagee's rights in the unsecured portion of its claim, as defined by section 506(a). Hougland, 886 F.2d at 1183-84. As we stated in Wiese, Hougland was correctly decided and we found no reason to upset its holding. Wiese, slip op. at 14076. Therefore, GMAC's claims are without merit.
 
 
 5
 Although GMAC spends a great deal of energy discussing the legislative history behind section 1322(b)(2), we need not delve into that here because the statute can be interpreted on its face. Id. at 14077. We also reject GMAC's contention that lenders will be subject to unfair treatment and will face "absurd results" if Hougland is to stand. Id.
 
 II
 
 6
 GMAC also contends that lien avoidance violates the Takings Clause of the Fifth Amendment. However, as we stated in Wiese, because GMAC failed to raise this issue both in the bankruptcy court and in the district court, it has waived that issue. Id. at 14082-83.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3